## J. REMICK v. E. LUTER AND ANOTHER.

1—An heir of an intestate brought suit in the District Court against the sureties of the administrator, alleging as breach of their bond that the administrator had received assets and had left the State of Texas without settling up his accounts as administrator. But the petition further showed that there were debts still outstanding against the estate. *Held*, that a general demurrer to the petition was correctly sustained.

2—The sureties of an administrator are primarily liable to creditors of the estate, or to an administrator *de bonis non* for the benefit of creditors; and so long as there are creditors, the sureties are not liable to the heirs or distributees in an action on the bond.

3—In the state of facts presented by the petition in this case, the heir should have become administrator *de bonis non*, and in that capacity have proceeded upon the bond of the original administrator.

APPEAL from Goliad. Tried below before the Hon. Wesley Ogden.

The material facts are indicated in the opinion of the court.

*S. T. Fontaine*, for the appellant.

*James Martin*, for appellees, insisted. that the plaintiff's remedy was in the Probate Court, citing Paschal's Digest, Arts. 1348, 1389, and Wheeler v. Goff, 24 Texas Reports, 661. Also, that when an administrator had resigned or been removed, the proper party to bring suit on his bond was the administrator *de bonis non*, citing Paschal's Digest, Art. 1376.

*J. S. Givens,* also for appellees.—The proceedings were improperly commenced in the District Court. By the showing of the plaintiff, the estate of Harman was being administered in the County Court, and that was the court in which she should have pursued her remedy, if any she had.

There was no sufficient allegation of fraud, collusion, or combination to give the District Court original jurisdiction.

It is the general rule that the legal representative, and not the heir or devisee, should bring an action for anything that is due to the estate. (Lacy v. Williams, 8 Tex., 182.)

The only case in which the heir or devisee can sue the administrator, is where there is no representative and no creditor. (Id. 187.)

The claim of an heir to an estate must be subject to that of the creditors, and until it is shown that the debts against an estate have been paid, and that there is something left, the claim of an heir can not be heard.

In this case the plaintiff seeks to make the administrator liable for all the notes which have been due to the estate, regardless of the question whether they had been collected, or whether they could have been collected.

The case of Ingram v. Maynard, 6 Tex., 131, relied on by the appellant to sustain the original jurisdiction of the District Court, was made under the probate law of 1844, and not under the law of 1848, now in force, which gives to the County Court much larger and fuller jurisdiction than it had under the former law.

In the case of Francis v. Northcote, 6 Tex., 185, also relied on by appellant, the suit was brought by an administrator *de bonis non,* and not by one claiming to be an heir, as in this case.

Perhaps the strongest case to sustain the original jurisdiction of the District Court is the case of Smith v. Smith, 11 Texas, 102. Let us compare that case with this : In that case the petition showed fully the fraudulent acts of the administrator in disposing of the assets of the estate, and the fraudu-

lent combination, collusion and confederation with others to injure the rights of those interested in the estate. In the Smith case there were allegations that there was but little indebtedness, and that all the debts had been paid; that large sums of money had come into the hands of the administrator, showing the wrongful disposition of the property.

In the case at bar there is no direct allegation that the administrator ever received any money at all. The petition simply states that "there was, or should have been, in the hands of Biscoe, administrator, assets consisting of notes and money, amounting to eight thousand two hundred and forty-nine $\frac{20}{100}$ dollars." The petition does not allege that the administrator collected the notes, or that he was guilty of any negligence in not collecting them. We might reasonably infer that the notes were good when taken, and that they become utterly worthless by the destruction and depreciation of property consequent upon the late war.

MORRILL, C. J.—Plaintiff sued defendants in the District Court, upon an administrator's bond, in which they were sureties of one Biscoe, administrator of the estate of Harmon, deceased.

The petition alleges that the administrator received the property of the estate, sold it principally on time, never settled up his business as such administrator, and has left the State; also, that there are some debts against the estate, and that plaintiff is one of the heirs of the intestate. Defendants demurred or excepted generally to the petition, and the District Court sustained the exceptions.

We have decided that, when there are no claims against an estate, the heirs of an intestate are entitled to the property, and if the property is held adversely, that suits can be instituted in the District Courts for its recovery, in the name of those entitled to receive it, without the intervention of an administrator. But when it is shown that an estate is indebted, the property of an estate is first used to pay its debts. Should

there be no administrator, or, as is alleged in this case, should an administrator be faithless, those interested in the estate can be substituted as administrators *de bonis non*, and thus secure and preserve the estate, as particularly pointed out in the statute.

The bond given by the administrator, which is the basis of the suit in this case, is primarily liable to the creditors of the estate, or to an administrator *de bonis non* for their benefit, and lastly to the heirs. (Art. 1376.)

The District Court did not err, and the judgment is affirmed.

Affirmed.